HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNDEE L. BALL,

    Plaintiff,

  v.

MCMENAMINS BREW PUBS, INC.,

    Defendant.

Case No. 2:22-cv-00380-RAJ

**ORDER**

This matter comes before the Court on Defendant's Motion to Compel. Dkt. # 19. Plaintiff opposes the motion, Dkt. # 21, and Defendant filed a reply. Dkt. # 25. For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion.

**I.    BACKGROUND**

Plaintiff Cyndee L. Ball ("Plaintiff") was employed as a server by McMenamins Brew Pubs, Inc. ("Defendant" or "McMenamins") in Kalama, Washington from April 2018 to January 2020. Dkt. # 1-1 ¶¶ 2.3, 2.11 (Complaint); Dkt. # 19 at 1. Plaintiff alleges that in 2019, she sustained injuries to her left wrist and right foot, the latter of which required surgery. Dkt. # 1-1 ¶¶ 2.4, 2.7. Plaintiff further alleges that Defendant

ORDER - 1

failed to provide a requested accommodation and terminated her employment in January 2020. *Id.* ¶¶ 2.9-2.11.

Plaintiff brought the instant suit on February 23, 2022 in which she asserted three claims against McMenamins: (1) age and disability discrimination in violation of the Washington Law Against Discrimination (WLAD); (2) retaliation for requesting a reasonable accommodation in violation of the WLAD; and (3) failure to accommodate under the WLAD. *Id.* ¶ 3.2-3.14. Plaintiff seeks lost back pay, wages, benefits, lost front pay, future wages, future benefits, damages for emotional upset, stress, and anxiety, attorney fees and costs, out of pocket expenses and litigation costs, and statutory and punitive damages. *Id.* ¶ 4.2.1-4.2.6.

On July 25, 2022, Defendant served on Plaintiff its First Set of Interrogatories and Requests for Production (RFP). Dkt. # 20 ¶ 2 (Declaration of Christopher Wall ISO Motion), Ex. A. On September 14, 2022, Plaintiff served her responses to Defendant's discovery requests. *Id.*, Ex. B. On January 18, 2023, Plaintiff provided Defendant with her Disclosure of Expert Witness Testimony and first discovery supplement. Dkt. # 22 ¶ 12 (Declaration of Patrick B. Reddy ISO Opposition), Ex. D. On February 28, 2023, Defendant sent a deficiency letter to Plaintiff that asked Plaintiff to correct a formatting mistake that changed the numbering of the Requests for Production and identified several alleged deficient responses. *Id.* ¶ 14, Ex. F. Specifically, Defendant alleged that Plaintiff's answers to Interrogatory Nos. 12 and 16 and RFP Nos. 6, 7, 11, and 14 were deficient. *Id.* On March 7, 2023 the parties conferred via telephone, and Plaintiff agreed to supplement her responses. Dkt. # 26 ¶ 5 (Declaration of Christopher Wall ISO Reply); Dkt. # 22 ¶ 16. Defendant filed the instant motion to compel on March 9, 2023. Dkt. # 19. On March 20, 2023 Plaintiff filed her Opposition and served on Defendant a Second Supplement. Dkt. # 26 ¶ 8. Plaintiff's Second Supplement mooted Interrogatory No. 9 and RFP No. 6. Defendant seeks to have this Court compel Plaintiff to answer Interrogatory No. 17 and RFP Nos. 11 and 14.

## II. LEGAL STANDARD

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011); *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

## III. DISCUSSION

### A.) Meet and Confer Requirement

As an initial matter, the Court will address Plaintiff's argument that Defendant's motion violates Local Civil Rule 37, which requires parties to make a "good faith effort to confer" prior to filing a motion for an order compelling disclosure or discovery. LCR 37(a)(1). Plaintiff argues that Defendant violated this Rule when it filed the instant motion only nine days after alerting Plaintiff to outstanding discovery deficiencies, despite having over 5 months to raise these issues. Dkt. # 21 at 5. Defendant counters that McMenamins filed its Motion to Compel by March 9, 2023 in order to comply with this Court's deadline, and Defendant made clear to Plaintiff during their March 7 telephone

ORDER - 3

conference that McMenamins would withdraw the motion if Plaintiff cured the deficiencies. Dkt. # 25 at 7.

The Local Rules include this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties. Defendant's deficiency letter, Dkt. # 20, Ex. C, and the parties' telephone conference evidence an effort to resolve outstanding issues prior to the filing of a motion. While the timing of the parties' telephone conference and Defendant's subsequent motion to compel is not ideal, the Court finds that both parties conferred in good faith regarding the alleged deficiencies in Plaintiff's responses via telephone, in keeping with the requirements of LCR 37. *See* Dkt. # 20, ¶ 5; Dkt. # 22, ¶ 6; Dkt. # 26, ¶ 5.

### B.) Request for Production No. 11

Defendant seeks to compel Plaintiff's response to RFP No. 11, which states:

"**REQUEST FOR PRODUCTION NO. 11**: Please produce your income tax records covering calendar years 2017 to present, including but not limited to W-2 forms, W-4 forms, forms 1099, and the forms and schedules submitted by you or on your behalf to the Internal Revenue Service for those years or created by you or on your behalf in the course of preparing the forms and schedules eventually submitted to the Internal Revenue Service."

Dkt. # 20, Ex. A. Plaintiff objected to RFP No. 11 "to the extent it [sought] to elicit information outside the scope of discovery," and provided Bates-stamped documents in response. *Id.*, Ex. B. Plaintiff later supplemented her response with further documents, and provided Social Security Administration releases allowing Defendant to access information regarding Plaintiff's receipt of disability benefits in 2022 and 2023. Dkt. # 26, Ex. B.

Defendant seeks production of Plaintiff's 2021 Joint Tax Return and argues that this income information is directly relevant to whether she has earned income to mitigate her economic damages. Dkt. #25 at 4; Dkt. # 26, ¶ 3. Plaintiff states that she has

ORDER - 4

produced all responsive documents that are in her control or possession, including W2's for 2018-2020 and Joint Tax Return documents for 2016-2020. Dkt. # 21 at 7. However, Plaintiff does not state whether she has W2's or Joint Tax Return documents for 2021 and 2022, nor does Plaintiff argue that her 2021 Joint Tax Return is not relevant to the pending suit.

The Court agrees that documentation related to Plaintiff's income is both relevant to her claims and not privileged, and **GRANTS** Defendant's request to compel concerning RFP No. 11. While Plaintiff indicates that she has provided Defendant with tax return documents from 2016 to 2021, Dkt. # 21 at 7, it is unclear to the Court whether this production included a 2021 Joint Tax Return. Consequently, Plaintiff is ordered to provide a complete and updated response to RFP No. 11, including producing her 2021 Joint Tax Return, if it exists, within ten (10) days of the date of this Order.

### C.) Interrogatory No. 17 and Request for Production No. 14

Defendant moves for an order compelling Plaintiff to answer Defendant's Interrogatory No. 17 and RFP No. 14[1]. Defendant seeks information regarding Plaintiff's social media use, stating:

> "**INTERROGATORY NO. 17:** Identify any and all websites, web logs ("blogs"), online forums, social networking sites (such as, for example, www.facebook.com, www.twitter.com, www.linkedin.com, www.tumblr.com, www.reddit.com, www.youtube.com, www.snapchat.com, www.instagram.com, www.whatsapp.com, www.pinterest.com, www.flickr.com, www.tiktok.com, or Google+), or any other location on the Internet, by name, web address, and user name, to which you have a membership and/or have posted any content since your employment with McMenamins. Note: you have a continuing duty to preserve or refrain from changing any and all information or posted content that may be relevant to this matter."

---

[1] The original RFP No. 14 propounded by Defendant sought documents related to Plaintiff's use of an expert. *See* Dkt. # 20, Ex. A. However, as the parties exchanged responses, deficiency letters, and the like, the numbering of the RFPs—including No. 14—changed. In their briefing, both parties refer to RFP No. 14 as a request concerning Plaintiff's social media use, *see* Dkt. ## 19, 21, 25, and the Court will do the same.

ORDER - 5

Dkt. #20, Ex. A.

**REQUEST FOR PRODUCTION NO. 14**: Produce a complete archive of your Facebook account or any other social media account you identified in your response to Interrogatory No. 17 as of today's date. (The Facebook archive can be obtained through the Account Settings on your Facebook page. You should select 'download a copy of your Facebook data' and follow instructions.)"

*Id.*

Plaintiff objected to Interrogatory No. 17 on the ground that it requests privileged information going beyond the scope of the matter at issue and could force irrelevant aspects of Plaintiff's personal life into public record, implicating her privacy interests. Dkt. # 22, Ex. C. Notwithstanding that objection, Plaintiff answered that she uses Facebook under her given name. *Id.* Plaintiff provided the same objection to RFP No. 14 and later supplemented her answer by clarifying that she does not frequently post on Facebook and does not use their messaging service. Dkt. # 22, Ex. G. Defendant argues that Plaintiff's social media postings and activity are relevant to "her alleged disability, inability to mitigate economic damages, and her noneconomic damages." Dkt. # 19 at 5. In order to address Plaintiff's privacy concerns, Defendant proposes that Plaintiff's archived asocial media data be designated as "ATTORNEY'S EYES ONLY" material and that any content not used by Defendant be destroyed. *Id.*

The Court finds that Defendant's request for a complete archive of all of Plaintiff's Facebook and other social media accounts is overly broad. Defendant must narrow the scope of its request and provide greater specificity as to the particular documents McMenamins seeks. Plaintiff's objection is sustained, and Defendant's motion to compel a response to Request for Production No. 14 is **DENIED**. Further, as Plaintiff has already provided a response to Interrogatory No. 17 (and Defendant did not raise this issue in its deficiency letter), Defendant's motion to compel as to that request is **DENIED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Compel. Dkt. # 19. Plaintiff is ordered to provide a complete and updated response to RFP No. 11, including producing her 2021 Joint Tax Return, if it exists, within ten (10) days of the date of this Order.

Dated this 26th day of April, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge